IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AHMED S. ISMAEL, <br><br>    Plaintiff, <br><br> vs. <br><br> AUGUSTA RICHMOND COUNTY COMMISSION, SHERIFF RICHARD ROUNDTREE, in his individual and official capacity as Sheriff of Richmond County Sheriff's Office, CAPT. EVERETTE JENKINS, in his individual capacity and acting under color of law as supervisor of the Richmond County Sheriff's Office, SGT. WILLIAM MCCARTY, in his individual capacity acting under color of law as a supervisor of the Richmond County Sheriff's Office, and COL. CALVIN CHEW, in his individual capacity acting under color of law as a supervisor of the Richmond County Sheriff's Office, <br><br>    Defendants. | CASE NO.: 1:22-CV-108 |

## ANSWER

COMES NOW Defendants Augusta, Georgia, Sheriff Richard Roundtree, Captain Everette Jenkins, Sergeant William McCarty, and Colonel Calvin Chew, and file this Answer to Plaintiff's Complaint, showing the Court as follows:

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

Some of all of Plaintiff's claims are barred by qualified and official immunity.

### Third Defense

Some or all of Plaintiff's claims are barred by sovereign immunity.

1

**Fourth Defense**

Some or all of Plaintiff's claims are barred by immunity pursuant to the 11th Amendment of the United States Constitution.

**Fifth Defense**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**Sixth Defense**

Some or all of Plaintiff's claims are barred by his failure to exhaust available administrative remedies.

**Seventh Defense**

Plaintiff was fired for a legitimate and non-discriminatory reason.

**Eighth Defense**

Plaintiff has consented, assented, ratified, and/or participated in any alleged unlawful conduct.

**Ninth Defense**

Defendants deny that they have discriminated against Plaintiff or engaged in any malicious or willful conduct toward Plaintiff.

**Tenth Defense**

Plaintiff fails to allege a theory of liability for Augusta, Georgia, and Augusta, Georgia was not Plaintiff's employer.

**Eleventh Defense**

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

## Twelfth Defense

Defendants hereby respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendants deny the allegation set forth in paragraph 1 of Plaintiff's Complaint.

2. The substance of paragraph 2 is introductory such that a response is not required. To the extent that a response is required, Defendants admit only that Plaintiff appears to allege claims under Title VII, § 1981, § 1983, and § 1985.

3. Defendants admit only that Plaintiff was employed with the Richmond County Sheriff's Office; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit only that Augusta, Georgia may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 4 of Plaintiff's Complaint.

5. The substance of paragraph 5 is introductory such that a response is not required. To the extent that a response is required, Defendants deny that Sheriff Roundtree committed any unlawful actions.  Otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 5 of Plaintiff's Complaint.

6. The substance of paragraph 6 is introductory such that a response is not required. To the extent that a response is required, Defendants deny that Captain Jenkins committed any unlawful actions.  Otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 6 of Plaintiff's Complaint.

7. The substance of paragraph 7 is introductory such that a response is not required. To the extent that a response is required, Defendants deny that Sergeant McCarty committed any unlawful actions. Otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 7 of Plaintiff's Complaint.

8. The substance of paragraph 8 is introductory such that a response is not required. To the extent that a response is required, Defendants deny that Colonel Chew committed any unlawful actions. Otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 9 of Plaintiff's Complaint.

10. The substance of paragraph 10 is introductory such that a response is not required. To the extent that a response is required, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit only that Plaintiff began his employment with the Richmond County Sheriff's Office in March 2020.

15. Defendants admit only that deputies may volunteer for special duty assignments and that Plaintiff may have volunteered to work at Urban Air.

16. Defendants admit only that Captain Jenkins volunteered to work a special at Urban Air and that Captain Jenkins is the SWAT commander.

17. Defendants admit only that Plaintiff was a probationary member of the SWAT Team.

18. Defendants deny the allegation set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegation set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegation set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegation set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegation set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegation set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegation set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit only that Plaintiff trained with the SWAT team.

27. Defendants deny the allegation set forth in paragraph 27 of Plaintiff' Complaint. For further answer, all SWAT team members are on probation until they complete training and pass the exams at the SWAT academy.

28. Defendants admit that Plaintiff attended SWAT training in Forsyth, Georgia.

29. Defendants admit that Plaintiff passed the SWAT performance exam.

30. Defendants admit that Plaintiff failed the SWAT written exam; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegation set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 33 of Plaintiff's Complaint.

34. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendants admit that Plaintiff submitted a complaint to Sgt. McCarty on September 20, 2021 regarding allegations against Captain Jenkins.

39. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendants admit only that Plaintiff supplied statements to Sgt. McCarty purporting to be statements of witnesses to his allegations.

41. Defendants deny the allegation set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegation set forth in paragraph 42 of Plaintiff's Complaint.

43. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegation set forth in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegation set forth in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegation set forth in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegation set forth in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegation set forth in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegation set forth in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegation set forth in paragraph 50 of Plaintiff's Complaint.

51. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 51 of Plaintiff's Complaint.

52. Defendants admit that Sgt. McCarty met with Plaintiff on the afternoon of September 28, 2021, but Defendants deny that any request was pretextual or retaliatory.

53. Defendants deny the allegation set forth in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny that the meeting was intentionally conducted in bad faith; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegation set forth in paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegation set forth in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegation set forth in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny the allegation set forth in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegation set forth in paragraph 59 of Plaintiff's Complaint. For further answer, Defendants admit that during a Merit Board Hearing Sheriff Roundtree made a similar statement when explaining that Plaintiff's termination and complaint involved separate and independent investigations.   Sheriff

7

Roundtree also stated that the investigation of Plaintiff's complaint would continue despite any disciplinary action against Plaintiff.

60. Defendants deny the allegation set forth in paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegation set forth in paragraph 61 of Plaintiff's Complaint.

62. Defendants incorporate as if restated herein their responses in paragraphs 1 through 61 above.

63. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 63 of Plaintiff's Complaint.

64. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegation set forth in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegation set forth in paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegation set forth in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegation set forth in paragraph 68 of Plaintiff's Complaint.

69. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 69 of Plaintiff's Complaint.

70. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegation set forth in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegation set forth in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegation set forth in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegation set forth in paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegation set forth in paragraph 75 of Plaintiff's Complaint.

76. Defendants incorporate as if restated herein their responses in paragraphs 1 through 75 above.

77. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 77 of Plaintiff's Complaint.

78. The substance of paragraph 78 sets forth a legal conclusion such that a response is not required.  To the extent that a response is required, Defendants admit only that Thirteenth and Fourteenth Amendment jurisprudence speak for itself.  To the extent that further answer is required, Defendants admit only that the Thirteenth Amendment prohibits slavery, and the Fourteenth Amendment provides for equal protection.

79. The substance of paragraph 79 sets forth a legal conclusion such that a response is not required.  To the extent that a response is required, Defendants admit only that the Thirteenth and Fourteenth Amendment jurisprudence speaks for itself.  To the extent that further answer is required, Defendants admit only that the Thirteenth Amendment prohibits slavery, and the Fourteenth Amendment provides for equal protection. Further, Defendants deny that they discriminated against Plaintiff.

80. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 80 of Plaintiff's Complaint.

81. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 81 of Plaintiff's Complaint.

82. Defendants admit the allegation set forth in paragraph 82 of Plaintiff's Complaint.

83. Defendants admit the allegation set forth in paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegation set forth in paragraph 84 of Plaintiff's Complaint.

85. Defendants admit only that Plaintiff made a complaint to Sgt. McCarty regarding allegations against Captain Jenkins; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegation set forth in paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegation set forth in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegation set forth in paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegation set forth in paragraph 89 of Plaintiff's Complaint.

90. Defendants incorporate as if restated herein their responses in paragraphs 1 through 89 above.

91. The substance of paragraph 91 sets forth a legal conclusion such that a response is not required. To the extent that a response is required, Defendants admit only that Thirteenth Amendment, Fourteenth Amendment, Title VII, and § 1981 jurisprudence speak for themselves. To the extent that further answer is required, Defendants admit only that the Thirteenth Amendment prohibits slavery, the Fourteenth Amendment provides for equal protection, Title VII prohibits employment discrimination, and § 1981 prohibits racial discrimination. Further, Defendants deny that they have conspired to discriminate against Plaintiff.

92. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 92 of Plaintiff's Complaint.

93. Defendants deny that they have discriminated against Plaintiff; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegation set forth in paragraph 94 of Plaintiff's Complaint.

95. Defendants admit only that Plaintiff made a complaint to Sgt. McCarty regarding allegations against Captain Jenkins; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegation set forth in paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegation set forth in paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegation set forth in paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegation set forth in paragraph 99 of Plaintiff's Complaint.

100. Defendants incorporate as if restated herein their responses in paragraphs 1 through 99 above.

101. The substance of paragraph 101 sets forth a legal conclusion such that a response is not required.  To the extent that a response is required, Defendants admit only that Thirteenth Amendment, Fourteenth Amendment, Title VII, and § 1981 jurisprudence speak for themselves.  To the extent that further answer is required, Defendants admit that the Thirteenth Amendment prohibits slavery, the Fourteenth Amendment provides for equal protection, Title VII prohibits employment discrimination, and § 1981 prohibits racial discrimination.  Further, Defendants deny that they have discriminated against Plaintiff.

102. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 102 of Plaintiff's Complaint.

103. Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegation set forth in paragraph 104 of Plaintiff's Complaint.

105. Defendants admit only that Plaintiff made a complaint to Sgt. McCarty regarding allegations against Captain Jenkins; otherwise, Defendants are without sufficient information to admit or deny the allegation set forth in paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegation set forth in paragraph 106 of Plaintiff's complaint.

107. Defendants deny the allegation set forth in paragraph 107 of Plaintiff's complaint.

108. Defendants deny the allegation set forth in paragraph 108 of Plaintiff's complaint.

109. Defendants deny the allegation set forth in paragraph 109 of Plaintiff's complaint.

110. Defendants deny the allegation set forth in paragraph 110 of Plaintiff's complaint.

### Thirteenth Defense

Defendants deny each and every prayer for relief contained in Plaintiff's complaint.

### Fourteenth Defense

To the extent that an answer to any allegation was not responded to above, Defendants hereby deny all such allegations.

**Wherefore**, Defendants request that this Court:

a. Dismiss Plaintiff's Complaint with prejudice;
b. Grant judgment to Defendants;
c. Assess all costs against Plaintiff; and
d. Award such other and further relief as just and proper.

Respectfully submitted this 12th day of October, 2022.

/s/Tameka Haynes
**Randolph Frails**

Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

AHMED S. ISMAEL,

    Plaintiff,

vs.                                                                CASE NO.: 1:22-CV-108

AUGUSTA RICHMOND COUNTY
COMMISSION, SHERIFF RICHARD
ROUNDTREE, in his individual and
official capacity as Sheriff of Richmond
County Sheriff's Office, CAPT. EVERETTE
JENKINS, in his individual capacity and
acting under color of law as supervisor of
the Richmond County Sheriff's Office,
SGT. WILLIAM MCCARTY, in his
individual capacity acting under color of
law as a supervisor of the Richmond
County Sheriff's Office, and COL. CALVIN
CHEW, in his individual capacity acting
under color of law as a supervisor of the
Richmond County Sheriff's Office,

    Defendants.

## **CERTIFICATE OF SERVICE**

    This is to certify that I have this date served a copy of the foregoing **Answer** in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, via email, or via the United States Mail with adequate postage attached thereon to:

John P. Batson                                   Douglas R. Kertscher
Law Offices of John P. Batson          John N. Mahaffey
1104 Milledge Road                            Hill, Kertscher & Wharton, LLP
Augusta, GA 30904                             3625 Cumberland Blvd SE, Suite 1050
jpbatson@aol.com                              Atlanta, Georgia 30339
                                                         drk@hkw-law.com
                                                         jm@hkw-law.com

    This 12th day of October 2022.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026


*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
randyfrails@frailswilsonlaw.com